Filed 3/16/21  P. v. Mendoza CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075923 |
| v. | (Super.Ct.No. FVI20001294) |
| VANESSA MENDOZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

A.     PROCEDURAL HISTORY

On June 2, 2020, a felony complaint charged defendant and appellant Vanessa Mendoza with obstructing or resisting an executive officer under Penal Code section 69 (count 1), and misdemeanor resisting arrest under Penal Code section 148, subdivision

1

(a)(1) (count 2). The complaint also alleged that defendant had suffered a strike prior under Penal Code sections 1170.12, subdivisions (1) through (d), and 667, subdivisions (b) through (i).

On August 18, 2020, the trial court referred defendant to mental health court pursuant to her counsel's request. On September 11, 2020, the trial court found defendant ineligible for mental health court. On September 25, 2020, pursuant to a plea agreement, defendant entered a no contest plea and admitted the strike prior. Thereafter, the trial court sentenced defendant to the middle term of two years, doubled for a total term of four years. Moreover, the trial court awarded credits, and imposed fines, fees, and assessments.

On October 13, 2020, defendant filed a timely notice of appeal with a request for a certificate of probable cause. The trial court denied defendant's request for a certificate of probable cause.

On October 20, 2020, a minute order noted that a motion to withdraw defendant's plea was set for the next day; defendant was ordered to appear. At the hearing on October 21, 2020, defendant withdrew her motion.

B.     FACTUAL HISTORY

The parties stipulated that the complaint and police reports would form the factual basis for defendant's plea.

According to the complaint, on or about January 5, 2020, defendant "did unlawfully attempt by means of threat and violence to deter and prevent Suni Alvarez, who was then and there an executive officer, from performing a duty imposed upon such

2

officer by law, and did knowingly resist by use of force and violence said executive officer in the performance of his/her duty."

According to the police reports, as Officer Alvarez attempted to uncuff defendant in order to take her blood pressure during the jail intake process, defendant used her right fist to strike Officer Alvarez on the left side of Officer Alvarez's face.

## DISCUSSION

After defendant appealed, and upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

(1)  "Is appellant's guilty plea constitutionally valid?"

(2)  "Did the court err in failing to consider appellant's ability to pay fines, fees, and assessments?"

We offered defendant an opportunity to file a personal supplemental brief, and she has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

3

**DISPOSITION**

The appeal is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                            J.

We concur:

McKINSTER _____
                Acting P. J.

FIELDS _____
                                J.